UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      The International Refugee Assistance Project ("IRAP" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory and injunctive relief to enforce its right to agency records from the Department of Homeland Security ("DHS") and its component agency, United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants").

2.      Plaintiff seeks records related to Defendants' formal guidance to USCIS adjudicators concerning applications for humanitarian parole.

3.      On December 6, 2017, Plaintiff submitted a FOIA request (the "FOIA Request") to Defendants seeking records containing Defendants' guidance to adjudicators in USCIS's Humanitarian Affairs Branch (part of USCIS's Refugee Asylum and International Operations Directorate) concerning the adjudication of humanitarian parole applications.

4.      Defendants should have acted on the FOIA Request by no later than January 18, 2018.  To date, however, Defendants have failed to produce any records or to provide any substantive response to the request.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346.  This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

6.      Venue is proper in the Southern District of New York pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  Venue is proper because (i) IRAP is based in and has its principal place of business in this district, (ii) a substantial portion of the events giving rise to this action occurred in this district, and (iii) because upon information and belief Defendants maintain records and information subject to the FOIA Request in this district.

## PARTIES

7.      Plaintiff IRAP is a nonpartisan human rights organization and a 501(c)(3) entity. IRAP organizes law students and lawyers to advocate for and advance the legal rights of refugees and displaced persons.  IRAP engages in systemic policy advocacy, and represents refugees in legal proceedings *pro bono*.

8.      Defendant DHS is a federal agency within the meaning of 5 U.S.C. § 552(f). DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States.  DHS has possession of, and control over, the information Plaintiff seeks through the FOIA Request.

9.     Defendant USCIS is a component agency of DHS and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  USCIS has possession of, and control over, the information Plaintiff seeks through the FOIA Request.

## STATUTORY BACKGROUND

10.     The Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") requires all federal agencies to search for and disclose government records which are requested by a member of the public, subject to certain narrow exceptions.  5 U.S.C. § 552(a)(3)(A), (C); 5 U.S.C. § 552(b)(1)-(b)(9).

11.     Compliance with FOIA's disclosure obligations upholds the values of government transparency and accountability.  Federal agencies must respond to FOIA requests within twenty business days after receipt, although the deadline may be extended an additional ten working days "[i]n certain circumstances."  5 U.S.C. § 552(a)(6)(B)(i).

12.     The agency's written response must state whether it will comply with the FOIA request, indicate the reasons for that determination, and provide information regarding the process by which a requester may appeal an agency's adverse determination.  5 U.S.C. § 552(a)(6)(A)(i).

13.     All administrative remedies are deemed exhausted due to an agency's failure to comply with FOIA's statutory time limits.  5 U.S.C. § 552(a)(6)(C)(i).

14.     Upon an agency's failure to meet its obligations, a district court may order the production of those records responsive to the FOIA request.  5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

15.     Defendants are responsible for adjudicating humanitarian parole requests pursuant to the Immigration and Nationality Act, 8 U.S.C. §1101 *et seq.*

16.     Parole "allows an individual, who may be inadmissible or otherwise ineligible for admission into the United States, to be granted authorization to enter the United States for a temporary period." 8 U.S.C. § 1182(d)(5).

17.     Executive Order No. 13767 was issued on January 25, 2017 (the "Order").  Titled "Border Security and Immigration Enforcement Improvement," the Order restricts Defendants' humanitarian parole to individual "case-by-case" assessment.   Exec. Order No. 13767 at § 11(d), 82 Fed. Reg. 8793, 8796 (Jan. 25, 2017).

18.     Upon information and belief, the Order has caused Defendants to subsequently end certain humanitarian parole programs.

19.     For example, the Defendants have specifically acknowledged that their decision to end the International Entrepreneur program was made after "reviewing DHS parole programs in accordance" with the Order.   *See* DHS Proposed Rule, "Removal of International Entrepreneur Parole Program," 83 Fed. Reg. 24,415, 24,416 (May 29, 2018).

20.     Defendants also ended the Central American Minors ("CAM") program, which allowed parents who were lawfully present in the United States to apply to bring their children and other qualifying family members from the "Northern Triangle" (Honduras, Guatemala, and El Salvador) to reunite with them in the United States.  Under this program, CAM applicants who were refused refugee status were automatically considered for humanitarian parole. *See* DHS Notice, "Termination of the Central American Minors Parole Program," 82 Fed. Reg. 38,926 (Aug. 16, 2017).

21.     Defendants have not provided the public with information regarding their humanitarian parole program changes since the Order or any new criteria by which humanitarian parole applications are evaluated.   This has resulted in confusion and uncertainty among

humanitarian parole applicants, including among those conditionally accepted to programs which Defendants have now discontinued.

22.     At the least, information should be available in compliance with the Order's requirement that Defendant Secretary, within 90 days of the Order submit a report on the progress of the Order's directives. *See* Exec. Order No. 13767 at § 15.

### PLAINTIFF'S FOIA REQUEST

23.     On December 6, 2017, Plaintiff served the FOIA Request seeking Defendants' disclosure of all records including operational guidance, policy documents, instructions, manuals, training materials and other instruction to USCIS employees regarding the adjudication of humanitarian parole applications.  A copy of the FOIA Request is attached as **EXHIBIT 1** to the Supporting Declaration of Betsy Fisher, filed herewith ("Fisher Decl.").

24.     FOIA requires that an agency timely disclose all records responsive to a FOIA request unless the items sought are enumerated in one of nine narrowly construed statutory exemptions.  5 U.S.C. § 552(a)(3)(A); 5 U.S.C. § 552(b)(1)-(b)(9).

25.     FOIA's deadlines require that Defendants "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(A)(i).

26.     On December 7, 2017, Defendant DHS sent confirmation to Plaintiff that it had received the FOIA Request and assigned it a tracking number (2018-HQFO-00336) (the DHS "Confirmation Letter").

27.     The Confirmation Letter stated that Defendants would search for documents responsive to Plaintiff's FOIA Request for Defendants' "guidance to USCIS adjudication

regarding applications for humanitarian parole" and determine if those documents were producible. A copy of the DHS Confirmation Letter is attached as **EXHIBIT 2** to the Fisher Declaration.

28.     The DHS Confirmation Letter invokes an extension ordinarily reserved for "certain circumstances" but statutorily limited to "ten working days." 5 U.S.C. § 552(a)(6)(B)(i). *See* Ex. 2 to Fisher Decl.

29.     On December 13, 2017, Defendant USCIS sent confirmation to Plaintiff that it was handling the FOIA Request and assigned it a tracking number (COW2017001506) (the "First USCIS Confirmation Letter"). A copy of the First USCIS Confirmation Letter is attached as **EXHIBIT 3** to the Fisher Declaration.

30.     On August 10, 2018, some six months after Defendant USCIS had confirmed that it was handling the FOIA Request, Defendant DHS informed Plaintiff that it had "determined that this is a matter under the purview of the USCIS another DHS component" and that the USCIS would be handling the FOIA Request (the "Transfer Letter"). A copy of the Transfer Letter is attached as **EXHIBIT 4** to the Fisher Declaration.

31.     On August 3, 2018, even though Defendant USCIS had been processing the FOIA Request since at least December 13, 2017, Defendant USCIS sent a second confirmation to Plaintiff indicating that it received the request from Defendant DHS on August 2, 2018 and had assigned it another tracking number (COW2018000940) (the "Second USCIS Confirmation Letter"). A copy of the Second USCIS Confirmation Letter is attached as **EXHIBIT 5** to the Fisher Declaration.

32.     IRAP has received no further communications from Defendants with regard to its pending FOIA Request.

33.     Defendants should have acted on the FOIA Request by no later than January 18, 2018.

34.     To date, Defendants are one year, one month, and fifteen days in default on their response to the FOIA Request.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

35.     A requester is deemed to have exhausted all available administrative remedies as a matter of law where an agency fails to comply with FOIA's statutory time limits.  5 U.S.C. § 552(a)(6)(C)(i).

36.     Thereafter, a district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure under FOIA.  5 U.S.C. § 552(a)(4)(B).

37.     Over fourteen months have elapsed since Plaintiff submitted its FOIA Request, and Defendants have failed to produce any records or provide a substantive response to the request.  Defendants have failed to comply with FOIA's statutory time limits.

38.     As a result of Defendants' failure to comply with their FOIA obligations, Plaintiff has exhausted its administrative remedies with respect to the FOIA Request.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

39.     Plaintiff incorporates by reference the allegations contained in the foregoing numerical paragraphs as if each such allegation was set forth herein in its entirety.

40.     Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to the FOIA Request.

41.    Defendants have violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to the FOIA Request.

42.    Defendants have violated 5 U.S.C. § 552(a)(6)(A)(i) by failing to make a determination regarding the FOIA Request within the governing statutory time limit.

43.    Defendants have violated 5 U.S.C § 552(a)(3)(B)-(D) by failing to conduct an adequate search of records responsive to the FOIA Request.

44.    Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records, in whole or in part, in violation of FOIA. Plaintiff will suffer irreparable injury from, and have no adequate remedy for, Defendants' illegal withholding of government documents subject to its FOIA Request.

45.    Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff herewith prays for the following relief:

(a)    For a judicial declaration confirming that Defendants' failure to disclose the records requested by Plaintiff is unlawful;

(b)    For injunctive relief ordering Defendants to immediately and expeditiously (i) produce to Plaintiff all non-exempt responsive documents covered by the FOIA Request, and (ii) submit a detailed descriptive index justifying Defendants' withholding of any responsive documents, *see generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973);

8

(c)     For Plaintiff's reasonable attorney's fees and litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(d)     For such other relief as the Court may deem just and proper.

Respectfully submitted, this 5th day of March, 2019.

Alex Yanos
Carlos Ramos-Mrosovsky
Brian Burton
Alston & Bird LLP
90 Park Ave,
New York, New York 10006
Tel: (212) 210-9400
Fax: (212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
brian.burton@alston.com

*Attorneys for Plaintiff International*
*Refugee Assistance Project*